**HEINTZ v. AMERICAN TIRE MACHINERY CO.**

Patent Appeals Nos. 4822, 4823.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

Gordon C. Mack, of Akron, Ohio (Edmund H. Parry, Jr., of Washington, D. C., of counsel), for appellant.

John Flam, of Los Angeles, Cal., on the brief, Israel R. Paris, of Washington, D. C., and Lewis E. Lyon, of Los Angeles, Cal. (Clarence O. McKay, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

We have here appeals from decisions of the Commissioner of Patents (speaking through an assistant commissioner) reversing decisions of the Examiner of Trade-Mark interferences in two trade-mark opposition proceedings.

There is no substantial difference between the issues involved in the respective cases and it was stipulated by counsel for the parties that the records for the appeals might be combined and printed as one joint record, and that exhibits or other items presented or printed for any part of the record might, if pertinent and proper, be considered as included in any other part. Separate decisions, however, were rendered below and separate appeals taken, and it is necessary that we render separate decisions, but they may be included in a single, or joint, opinion.

The following statement of facts is pertinent to both cases:

Appellant Heintz, of Cleveland, Ohio, is engaged in the business of retreading pneumatic tires by a process carried out upon specially designed machinery, and equipment which he manufactures. To the retreaded tires he applies as a trade-mark the notation "Life-Cap," which notation was registered in his name as trade-mark No. 362,465, on November 15, 1938. In the registration certificate it is stated: "The trade-mark is applied to the goods by means of a rubber medallion attached to the side wall of the tire and having the mark embossed thereon in white characters on a black background, or by means of an embossed rubber medallion of uniform red color."

The mark is applied only to tires. Appellant has not applied it to the machinery (composed of different parts) which he manufactures by the use of which the tires are retreaded. Appellant does not sell the machinery by the use of which the retreading operation is carried out, but leases it to parties of his choosing throughout various sections of the United States. His lessees apply the trade-mark to the tires which they retread.

The appellee, American Tire Machinery Company, of Los Angeles, California, is not engaged in the business of retreading tires, but is engaged in the business of manufacturing machinery (composed of different parts) for use in the retreading of tires, and the respective applications made by it are for the registrations of marks used by it on the machinery. It sells such machinery to those desiring to purchase it.

Appeal No. 4822

In this case appellee applied for registration of the notation "Vitacap" as a trade-mark for the machinery manufactured and sold by it. The application states that "the trademark is applied to [or] affixed in the goods by casting or forming directly in the goods the mark as shown and by applying directly to the goods a label imprinted with the mark."

In the course of his decision, the Examiner of Trade-Mark Interferences said:

"The opposer [Heintz], who is here the prior user, relies upon his registered mark 'Life-Cap' (Registration No. 362,465) for retreaded pneumatic tires made by a unique process upon specially designed machinery and other equipment of his manufacture. This retreading equipment is manufactured in quantity by the opposer, but is not sold, being placed with selected licensees who together with the opposer are engaged in marketing only the tires produced thereon.

"Special retreading equipment such as that respectively manufactured by the parties is believed to be inseparably related to the products resulting from the use thereof. As appears from the stipulated evidence, tires retreaded on applicant's machines are identified by the same notation 'Vitacap' under which the machines are sold, even though this notation is not affixed to the tires, and it seems reasonable to suppose that if any such equipment and retreaded tires are marketed under the same or confusingly similar marks, purchasers would be likely to assume that they came from a

common source. The examiner is persuaded that the goods sold by the parties possess the same descriptive properties.

"The mark 'Vitacap' sought to be registered in effect differs essentially from the mark 'Life-Cap' used by opposer merely in the substitution in place of the prefix 'Life' contained in the latter mark, of its Latin equivalent. It is accordingly believed that concurrent use of these marks upon goods possessing the same descriptive properties would be likely to cause confusion in trade."

The commissioner said, inter alia:

"* * * It is clear that opposer [Heintz] licenses tire retreading concerns to use his special retreading process and that the equipment they use to carry out the process is known as 'Life-Cap' equipment. Apparently the equipment is known by the name of the process it employs and of the goods produced. However it does not appear that opposer's licensees may not or do not use equipment which they have obtained from others than opposer to carry out opposer's process. Because of the 'Life-Cap' process employed such equipment would be known as 'Life-Cap' equipment irrespective of its source of origin. Thus the name does not indicate any particular source of origin of the equipment, but only that the equipment is suited to carry out the 'Life-Cap' process. The equipment may have been secured from any source. In my opinion opposer has not so applied the mark ·'Life-Cap' to retreading machinery as to indicate that opposer is the source thereof, and since opposer's mark 'Life-Cap' does not indicate opposer as the source of retreading machinery used for the 'Life-Cap' process neither would the mark 'Vitacap' applied to retreading machinery indicate opposer as the source of that machinery, and therefore the use by applicant of the name 'Vitacap' on such machinery would not be likely to lead purchasers or the public to believe that applicant's machinery was manufactured or distributed by opposer.

"Further than this: Retreading machinery and equipment is expensive, is sold or licensed to manufacturers for manufacturing purposes and is likely to be purchased with great care and discrimination as a capital investment and only after full investigation of the process to which the equipment is adapted.

"The marks 'Life-Cap' and 'Vitacap' are not identical, and considering the differences in the marks, the nature and character of tire retreading equipment, the class of purchasers or licensees, and the manner in which opposer has used the mark 'Life-Cap', it is my opinion that applicant's use of the mark 'Vitacap' on tire retreading machinery· will not be likely to result in purchasers or the public\being confused or misled into believing opposer to be the source of the machinery sold by applicant under the name 'Vitacap'."

We are of opinion that, under the facts appearing, the conclusion reached by the Examiner of Trade-Mark Interferences is more fully in accord with the spirit of the Trade-Mark Registration Act than is the conclusion reached by the commissioner.

So far as the words—"Life-Cap" and "Vitacap"—are concerned, both are arbitrary terms having a certain suggestiveness with respect to the lasting qualities of tires retreaded by use of the machinery manufactured by the respective parties. The suggestiveness of both words is identical.

If appellee were seeking to register "Vitacap" for use on retreaded tires, we apprehend there would be no hesitation in rejecting the application upon the basis of the "Life-Cap" mark. Furthermore, if appellant had affixed "Life-Cap" to the retreading machinery designed and manufactured by him (which, so far as the record before us shows, he legally might have done), we apprehend there would have been no hesitation in rejecting appellant's application to register "Vitacap" as a trade-mark for use on its retreading machinery.

So far as the words are concerned, we regard them as being identical in meaning.

Upon the matter of "merchandise of the same descriptive properties" (we quote the phrase from the statute), it is our view that the retreading equipment is so interrelated with the product—retreaded tires—resulting from the use of the equipment that, within the spirit of the registration statute, the equipment and the product of the equipment should be held to be of the same descriptive properties.

We have not found any decided case which may be said to be "on all fours" with the instant case, but, in principle, there seems to be an analogy between this case and that of Elgin American Manufacturing Co. v. Elizabeth Arden, Inc., 83 F.2d 681, 23 C.C.P.A., Patents, 1153, where

containers for cosmetics were held to be of the same descriptive properties as the cosmetics which they contained.

For the reasons indicated, the decision of the commissioner is reversed.

### Appeal No. 4823

The only distinction between this case and that involved in appeal No. 4822, supra, is found in the mark which appellee seeks to register. In this case the application is for registration of a mark which shows the words "Vitacap Process of Capping" displayed on a representation of a ribbon extending across a representation of a tire. The words "Process of Capping" are disclaimed.

It is stated in the application that this mark "* * * is applied or affixed to the goods by applying to the goods a printed label bearing the mark as shown."

Obviously, the dominant part of the mark is the word "Vitacap," and what has been said in appeal No. 4822, supra, applies here.

The decision of the commissioner is reversed.

Reversed.